## WILEY *vs.* WILEY.

[BILL FOR DIVORCE ON GROUND OF VOLUNTARY ABANDONMENT.]

1. *Bill may be filed in county of defendant's residence.*—Held, on the authority of Reese v. Reese, 23 Ala. 785, that the bill in this case was improperly dismissed by the chancellor, on the ground that it could not be filed in the county of the defendant's residence.

2. *Remandment of cause on reversal of decree.*—Where a bill for divorce is dismissed by the chancellor for want of jurisdiction, and his decree is reversed on error, the cause will be remanded to the primary court, although the evidence shows that the complainant is entitled to a decree, when it may become necessary to make some provision for the wife, or some order in relation to her separate estate, which the appellate court cannot make.

APPEAL from the Chancery Court of Perry.

Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by Thomas H. Wiley, the appellant, who alleged in his bill that he was a resident citizen of Dallas county ; asking a divorce from his wife Ruthy, on the ground of her voluntary abandonment of his bed·and board, and residing separate and apart from him in Perry county. On final hearing, the chancellor dismissed the bill for want of

Wiley v. Wiley.

jurisdiction, holding that it ought to have been filed in the county in which the complainant resided; and his decree is now assigned for error.

JOSEPH R. JOHN, for the appellant.

GOLDTHWAITE, J.—The case of Reese v. Reese, 23 Ala. 785, is conclusive to show that the chancellor erred in dismissing the bill, on the ground that it was filed in the county of the residence of the defendant below; and as the allegations are sufficient, in themselves, to entitle the complainant to the relief prayed, and are fully proved, a divorce should have been decreed. As, however, it may become the duty of the chancellor to make provision for the wife under the statute (Clay's Dig. 170, § 8), or to make some order in relation to the separate estate of the wife, which this court is unable to make, we will reverse the decree, and remand the cause, that in addition to the divorce such other decree may be rendered as may be proper under the circumstances.

The decree must be reversed, and the cause remanded; but the appellant must pay the costs of the appeal.